UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARK D. LEE, et al.** ) | Case No. 1:11-CV-1940 |
| ) | |
| ) | **Judge Dan Aaron Polster** |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **SMITH & WESSON CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

Two motions are pending before the Court: Plaintiffs' Motion for Remand (**Doc. # 8**); and Defendant's Motion for Costs and Stay (**Doc. # 5**) pursuant to Rule 41(d) of the Federal Rules of Civil Procedure.

## I. Procedural Posture

On November 4, 2008, Plaintiffs filed a products liability action against Defendant in the Court of Common Pleas of Richland County, Ohio. The complaint alleged Mark D. Lee was injured when he fired a revolver manufactured by Smith & Wesson: the cylinder of the gun swung open and the blast from the shot knocked off Lee's safety glasses and caused permanent injuries to his face, including his nose and one eye. (Doc. # 5-2).

On August 6, 2010, in anticipation of trial, Defendant filed a motion to strike and preclude the testimony of Plaintiff's expert witness, Richard Ernest, who was expected to testify that the revolver was defective. (Doc. # 5-4; 5-5). Plaintiffs did not respond to Defendant's motion. Instead, on August 16, 2010, three weeks before trial, they hired new counsel and filed a voluntary dismissal without prejudice pursuant to Rule 41(A) of the Ohio Rules of Civil Procedure. (Doc. # 5-6; 5-7).

On August 15, 2011, apparently one day before the expiration of the statute of

limitations, Plaintiffs re-filed the products liability action against Defendant in the Court of Common Pleas of Cuyahoga County, again alleging Lee was injured as a result of a defect in the revolver. (Doc. # 1-1). Defendant was served with the summons and complaint on August 29. (Doc. # 1, ¶ 13). Defendant then removed the case to this Court on September 14 on the basis of diversity jurisdiction, under 28 U.S.C. § 1332. (Doc. # 1).[1] Defendant filed a copy of the notice of removal with the Cuyahoga County court on October 7. (Doc. # 10-2).

## II. Plaintiffs' Motion for Remand

Plaintiffs' motion for remand was filed in this Court on October 6. (Doc. # 8). The basis of the motion is that Defendant failed to fulfill the procedural requirements for removal by not promptly filing a copy of the notice of removal with the Cuyahoga County court. Defendant did file the notice of removal with the Cuyahoga County court, albeit on October 7, one day after Plaintiffs filed their motion for remand. (Doc. # 10).

After filing a notice of removal in federal court, a defendant must "[p]romptly...give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court...." 28 U.S.C. § 1446(d). The state court's jurisdiction is terminated when it receives a copy of the notice of removal. Schliewe v. Toro, 138 Fed. Appx. 715, 720 (6th Cir. 2005). Until a defendant notifies the state court of removal, the defendant creates concurrent jurisdiction over the case in both the state and federal courts. Id.

In this case, Defendant filed a copy of the notice of removal with the Cuyahoga County court 23 days after filing a notice of removal in this Court. The issue, then, is whether 23 days constitutes prompt notification under 28 U.S.C. § 1446(d).

Several courts have addressed the issue of what is prompt notification. One court found that a 22-day delay did not violate the prompt filing requirement. Nixon v. Wheatley, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005). Another found that a delay of one month was satisfactory.

---

[1]The original action could not be removed to federal court because diversity of citizenship was lacking. The re-filed case does not name the defendants who defeated diversity in the original action.

Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246, 246–47 (S.D.N.Y. 2000). See also Patterson v. State Farm Mut. Auto. Ins. Co., 2009 U.S. Dist. LEXIS 43192 (N.D. Okla. 2009) (declining to remand where defendant's delay was 30 days). Even a delay of as much as six months did not require remand. Whitney v. Wal-Mart Stores, Inc., 2004 U.S. Dist. LEXIS 17437 (D. Me. 2004). On the other hand, Judge O'Malley recently found that a delay of eight months *did* require remand. Mlotek v. Mlotek, 2011 U.S. Dist. LEXIS 13828 (N.D. Ohio 2011).

This case clearly falls within the range of acceptable delay. The Court therefore finds that a delay of 23 days between filing a notice of removal in federal court and filing a copy of that notice with the state court is prompt enough to satisfy the requirements under 28 U.S.C. § 1446(d).

Even though Plaintiffs acknowledge that courts have held that a delay of as much as one month does not necessitate remand, Plaintiffs nonetheless argue, "in a case like this, where Defendant has aggressively sought payment of costs from Plaintiffs and dismissal of this case, while still requiring Plaintiffs to fight this case on two fronts due to their own procedural failures, the delay and failure of Defendant does warrant remand." (Doc. # 8, at 5).

The question of whether notice is prompt has nothing to do with what motions the defendant decides to file in federal court and whether the defendant decides to pursue those motions aggressively or timidly. Thus, Defendant's decision to seek payment of costs and a dismissal of the case is irrelevant. Furthermore, the argument that remand is warranted because Plaintiffs had to fight this case on two fronts during the 23-day delay is without merit. Although Plaintiffs took action in state court during the 23-day period, by filing a motion for default judgment, the state court's docket reveals that the court itself took no action. (See Case No. CV-11-762052, Court of Common Pleas of Cuyahoga County).

### III. Defendant's Motion for Costs and Stay

Pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, Defendant moves for an order requiring Plaintiffs to pay $10,342.90 in costs for the amount spent to defend the action

that Plaintiffs previously filed and dismissed. Defendant also requests a stay of the proceedings until those costs are paid. (Doc. # 5).

Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Rule 41(d) is intended to prevent vexatious litigation and forum shopping, especially by plaintiffs who, after suffering setbacks in one court, dismiss the case in order to try their luck somewhere else. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000) (internal quotations and citations omitted). It is meant to prevent attempts to gain a tactical advantage by dismissing and refiling the suit. Id. The decision to award costs is within the discretion of the Court. Id.

Defendant avers that Plaintiffs dismissed their original action to gain a tactical advantage. (Doc. # 5-1, at 4). Defendant points out that the voluntary dismissal came three weeks before trial and ten days after Defendant filed its motion to preclude the testimony of Plaintiffs' only expert witness, Richard Ernest. (Id.). Defendant concludes that the "only reasonable inference that can be drawn here is that Plaintiffs dismissed voluntarily to avoid an adverse ruling on [Defendant's] Motion to Preclude the Testimony of Richard Ernest. This is so because, if the state court had granted [Defendant's] Motion, the Plaintiffs' case was over–and they knew it." (Id.). While Plaintiffs claim they had no vexatious intent and were not forum shopping, Plaintiffs admit that their dismissal was "necessitated by Defendant's motion to strike and the change of counsel one month prior to trial." (Doc. # 9, at 6).

The Court agrees with Defendant and finds that Plaintiffs dismissed the original case to gain a tactical advantage. The timing of Plaintiffs' decision to file the dismissal is significant. It is one thing to dismiss a case early on, before the parties have spent a lot of money litigating; it is quite another to dismiss the case almost three years after filing the complaint and three weeks before trial. Moreover, as Plaintiffs themselves readily admit, the impetus for the dismissal was

Defendant's motion to strike their expert, not some event external to the litigation over which Plaintiffs had no control, such as a serious medical event.  Also of significance is the fact that Plaintiffs got rid of their original expert, Richard Ernest, and retained a new one for this case–one who has a different opinion regarding the revolver's defect.  Furthermore, contrary to Plaintiffs' suggestion, the fact that they retained new counsel does not count in their favor–at least not when the change happens so late in the game, so close to trial.

The Court finds that these actions evince an attempt to avoid an adverse ruling and to wipe the slate clean.  See Rogers, 230 F.3d at 874 (upholding a district court's decision to award costs when there was evidence of at least some attempt to wipe the slate clean after an initial setback).  Accordingly, the Court will award costs to Defendant.

The question that remains is whether Plaintiffs must pay all or only part of the requested $10,342.90.  The $10,342.90 consist of the following items:

- Richard Ernest deposition attendance fee, $3000
- Transcript of Richard Ernest's deposition, $1,306.80
- Court reporter fee for deposition of Richard Ernest, $258.69
- Transcript of Mark E. Lee's deposition, $861.00
- Court reporter fee for deposition of Mark E. Lee, $436.75
- Other deposition court reporter fees, $931.25
- May 3, 2010 Hearing Transcript, $111.50
- Linda White deposition mileage and witness fee, $38.79
- Linda A. Velandra deposition mileage and witness fee, $67.40
- Thomas Temple deposition mileage and witness fee, $107.50
- James Adams deposition mileage and witness fee, $107.50
- Fee for Independent Medical Examination of Plaintiff Mark D. Lee, $1,200
- Cost of photocopies, $1,404.03
- FedEx fees, $461.69

- Certificate of Good Standing for James F. Marrion, $25.00
- Certificate of Good Standing for Clem C. Trischler, $25.00

These are the costs as reflected in Defendant's Affidavit in Support of the motion to recover costs, Exhibit H. (Doc. # 5-9). Each item is supported by documentation, such as a receipt or invoice. (See Doc. # 5-10 through # 5-25). The Court has examined each item and its supporting documentation.

An award of costs under Rule 41(d) is limited to expenses incurred in the first action that will not be useful in the second action. See Rogers, 230 F.3d at 873 (affirming the district court's decision to exclude from an award of costs under Rule 41(d) those fees that remained of benefit in the second case); Powers v. Chase Bankcard Services, Inc., 2010 WL 4982148 (S.D. Ohio 2010) (disallowing costs that would necessarily be incurred regardless of the dismissal and re-filing of the action because that would not decrease the deterrent effect of Rule 41 and would result in a windfall to the defendant). Plaintiffs object to all of the items–except for the two Certificates of Good Standing–because, according to Plaintiffs, the expenses sought by Defendant would be required regardless of the dismissal and refiling. (Doc. # 9, at 8–10).

Specifically, Plaintiffs argue that the costs related to Plaintiffs' first expert, Richard Ernest, is useful in the present action, as demonstrated by the fact that "Defendant is utilizing Mr. Ernest's deposition as one of the grounds for dismissal in their recently filed motion to dismiss." (Id. at 8). Plaintiffs mis-characterize Defendant's motion to dismiss. Defendant does not use Ernest's deposition as a grounds for dismissal. In its motion to dismiss, Defendant mentions its motion to strike and preclude the testimony of Ernest, which was filed in the first action and was the catalyst for Plaintiffs' dismissal. (Doc. # 4-1, at 2). That motion to strike in turn references Ernest's deposition. (Id.). But the only reason Defendant mentions the prior motion to strike is for the purpose of summarizing the procedural history of this case; Defendant devotes but one sentence to the motion to strike. (Id.). Contrary to Plaintiffs' assertion, the deposition of Ernest is *not* used by Defendant as a grounds for dismissal.

The Court finds that Ernest's testimony will be of no use in the present action, especially in light of the fact that Plaintiffs have hired a new expert.  Accordingly, the expenses associated with the deposition of Ernest shall be awarded to Defendant.  Those expenses include Ernest's deposition attendance fee, $3000.00; transcript of Ernest's deposition, $1,306.80; and court reporter fee for Ernest's deposition, $258.69.  The Court also finds–and Plaintiffs do not dispute–that the two certificates of good standing will be of no use in the present action.  Defendant is therefore entitled to $50 for these certificates.  The total for these expenses is $4614.49.

The remaining costs shall not be awarded to Defendant.  Defendant does not adequately explain how the remaining costs will be of no use in the present action.  Defendant does state that it "will be required to pay for another Independent Medical Exam of Plaintiff Mark Lee, as well as depose additional witnesses whose testimony may be relevant due to Plaintiffs' stated intention to proceed on a new–and different–theory of defect."  (Doc. # 11, at 9).  Even if Defendant decides to pay for a new medical exam of Plaintiff Lee, it does not follow that the previous medical exam is now useless.  Likewise, the fact that new witnesses may be needed in the present action does not mean that expenses paid for the earlier witnesses' deposition testimony in the earlier action were for naught.  In other words, it is possible that these costs would have been incurred regardless of the dismissal and re-filing, and Defendant has not proved otherwise.

The last items to consider are Defendant's FedEx fees and photocopy fees.  Although Defendant has provided an invoice for fees paid to FedEx between December 10, 2008 and August 5, 2010, there is no information regarding the purpose of each FedEx transaction, and Defendant has not explained in any of its briefs the nature of those transactions.  Similarly, the photocopy fees invoice is nondescript.  Defendant avers in its Reply brief that Defendant will "be required to incur additional expenses associated with the filing, responding to, and copying of an entirely new set of pleadings and discovery requests."  (Id.).  The Court cannot, from the

photocopy invoice, determine the purpose of the photocopies and whether or not they will be useful in the present action. Accordingly, the costs for the FedEx shipments and the photocopies will not be awarded to Defendant.

## IV. Conclusion

Accordingly, the Court **DENIES** Plaintiffs' Motion for Remand (**Doc. # 8**) and **GRANTS IN PART** Defendant's Motion for Costs (**Doc. # 5**) in the amount of $4614.49. The Court further **ORDERS** Plaintiffs to pay costs to Defendant by February 1, 2012, or show cause why the case should not be dismissed with prejudice for want of prosecution. The Court will **GRANT** Defendant's Motion to Stay the proceedings (**Doc. # 5**) until costs are paid.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster 10/24/11*
**Dan Aaron Polster**
**United States District Judge**