UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARK D. LEE et al.,** | ) Case No. 1:11-CV-1940 |
| | ) |
| | ) Judge Dan Aaron Polster |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| **SMITH & WESSON CORP.,** | ) |
| | ) |
| **Defendant.** | ) |

Before the Court in this product-liability case, which involves an allegedly defective revolver (a Smith & Wesson 460XVR revolver), is Defendant Smith & Wesson's motion to preclude the testimony of Roy Ruel, Plaintiffs' expert witness.  The motion has been fully briefed and is ripe for decision.

I.     Background

On November 11, 2006, Plaintiff Mark D. Lee was target shooting with his Smith & Wesson 460XVR revolver, which he had bought from a sporting-goods store two months earlier. He fired the gun twice that day without incident.  On his third shot, however, something happened that seriously damaged his right eye.  Lee said it felt like he had been "hit...with a sledgehammer in the face...." (Doc. # 46-9 at 67).  One of two men with whom Lee was target shooting that day said the gun fired louder on the third shot than on the previous two.  He also noticed an unusual yellowish flash.  The other witness likewise heard a strange noise and noticed a brighter-than-normal flash.

After the third shot, Lee lowered the gun and passed it to the men. They said the cylinder was open when Lee passed the gun. They even tried, but were unable, to get the cylinder closed.

Lee was taken to the hospital where he was diagnosed with a very large corneal abrasion as well as acute right-eye hyphema and abrasion, nasal abrasion, and a superficial, lower lid laceration. (Doc. # 50-5 at 2). He continues to suffer significant vision loss and pain in his right eye. His injuries have had a devastating effect on his work.

The parties have different theories as to what exactly happened when Lee fired the third shot. Defendant argues that there was nothing wrong with the gun; rather, the injury was caused by Lee's "improper handling of the firearm, including his failure to control it during recoil." (Doc. # 46-1 at 4). When the gun recoiled, Defendant contends, it struck Lee in the face, causing blunt-force trauma to the right eye.

Plaintiffs' expert witness, Roy Ruel, who is a mechanical engineer with over 40 years of experience that includes training in firearms and gun function, mechanics, and safety, offers a different explanation. He opines the injury occurred as a result of a defect in the gun that allowed hot, high-pressure gases to explode out the back and into Lee's face. That happened, Ruel thinks, because the gun's cylinder was not fully closed when Lee fired the third shot. Ruel explains:

> When a revolver's cylinder is not fully closed and locked, the chamber and cartridge do not line up with the barrel and when fired the bullet enters the barrel slightly off-center. The result is that a higher than normal pressure is required in the gun's cylinder to force the misaligned bullet into and down the barrel. The high pressure causes the gap between the barrel and cylinder to widen and a large amount of gas and unburned power to be expelled, creating a much brighter flash and louder report.

(Doc. # 50-7 at 3).

-2-

Normally, a gun cannot be fired unless the cylinder is fully closed. Ruel believes Lee was able to trick the gun into thinking the cylinder was closed—even though it was still slightly open—by pushing on the thumb latch, which is located just above the handgrip. The ability to trick the gun into thinking the cylinder was closed is, according to Plaintiffs' theory, the product's defect.

Defendant now seeks to exclude Ruel's testimony under Rule 702 of the Federal Rules of Evidence. Defendant offers three reasons for excluding Ruel's testimony: 1) He is not qualified to render his opinion; 2) His opinion is not relevant because it is wholly inconsistent with Lee's sworn testimony and invites speculation; and 3) His opinion is not reliable.

II.     Analysis

Under Rule 702, a witness may offer scientific, technical, or other specialized testimony only if the following three requirements are met: (1) the witness is qualified by knowledge, skill, experience, training, or education; (2) his testimony is relevant; and (3) his testimony is reliable. In re Scrap Metal Antistrust Litig., 527 F.3d 517, 528–29 (6th Cir. 2008).

While Defendant's arguments on Ruel's qualifications and the methodology he employed go to the weight, not the admissibility, of his testimony, Defendant is correct that Ruel's testimony fails to satisfy the "relevancy" requirement of Rule 702. The "relevancy" prong of Rule 702 requires that an expert's theory adequately "fit" the facts of the case. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 591 (1993). Expert testimony that does not fit the facts does not relate to an issue in the case and, therefore, is not relevant. *Id.* (citation omitted).

In his expert report, Ruel writes:

When Mr. Lee attempted to fire his gun for the third shot, the cylinder failed to fully close and the gun would not fire. Not understanding the problem and as the

-3-

> cylinder appeared to be closed, Mr. Lee pushed on the thumb latch and in so doing was able to cock and fire the gun with the result experienced.

(Doc. # 50-7 at 3). But that contradicts Lee's own sworn testimony.

Lee testified he had no difficulty whatsoever firing the gun a third time. (Doc. # 46-9 at 180–82). He even denied what Ruel speculates he did: Try, but fail, to pull the trigger. (Id.). In fact, Lee said everything was exactly the same as when he fired the first two shots. (Id.). Lee also testified, contrary to Ruel's theory, that the cylinder was closed when he fired the third round. (Id. at 179). In addition, Lee's demonstration, as depicted in a photograph included in Defendant's brief, makes clear that he never touched he thumb piece during the firing sequence, as Ruel speculates he did. (See Doc. # 46-1 at 8).

Indeed, Ruel even admitted he disregarded Lee's testimony about the facts surrounding the firing of the third bullet. In his deposition, Ruel stated that, in forming his conclusion, he has rejected significant parts of Lee's deposition testimony about what occurred. Here is a telling exchange between defense counsel and Ruel:

> Q: You're not accepting [Lee's] sworn testimony as part of your analysis of this case?
> A: That's correct.
> Q: Because you would agree that his account of the events of the event of [sic] 11-11-06 is different from your reconstruction?
> A: It also -- yeah. It agrees with an account that the cylinder was open after the event.

(Doc. # 46-4 at 19). Here is another revealing exchange:

> Q: [Your] reconstruction of the events is inconsistent with Mr. Lee's testimony as to what happened on November 11, 2006?
> A: As reflected in this, yes.
> Q: When you say "as reflected in this," you are talking about his deposition?
> A: Yes, I'm talking about his deposition as of that date.

(Id.).

In short, Ruel offers an opinion that contradicts Lee's sworn testimony. Such an opinion clearly does not satisfy the "relevancy" requirement under Rule 702, for it is an opinion that does not fit the facts of the case.

III.    Conclusion

For this reason, the Court **GRANTS** Defendant's Motion to Preclude the Testimony of Roy Ruel Pursuant to Fed. R. Evid. 702 (Doc. # 46).

Furthermore, the Court believes that Plaintiffs cannot survive a motion for summary judgment on their design- and manufacturing-defect claims without an expert. If Plaintiffs concur with this assessment, the Court suggests that counsel submit a stipulated dismissal entry, preserving Plaintiffs' right to appeal the ruling on Mr. Ruel. Otherwise, the Court invites Defendant to file a motion for summary judgment.

**IT IS SO ORDERED.**

                           */s/Dan Aaron Polster 1/23/13*
                           **Dan Aaron Polster**
                           **United States District Judge**